**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-00933-CMA-BNB

UNITED STATES OF AMERICA,

　　　Plaintiff,

v.

$393,550.00 IN UNITED STATES CURRENCY,

　　　Defendant.

---

## ORDER DENYING MOTION TO DISMISS

---

　　　This matter is before the Court on Claimant Seung Yu's Motion to Dismiss for

Failure to Prosecute.  (Doc. # 21.)  For the reasons set forth below, the motion is

denied.

## I.  BACKGROUND[1]

　　　On December 19, 2012, Aurora Police Department officers responded to a

domestic violence complaint at the Aurora Town Center Mall.  The complainant

indicated there had been a fight between a man and woman in the Revolution clothing

store ("Revolution"), and that the two were now in the mall's parking lot with mall

security officers.

　　　Officer Aragon observed several red marks and scratches on the woman's

face, but she declined medical attention.  She told that Officer Aragon she worked

---

[1] The following facts are taken from the Verified Complaint.  (Doc. # 1.)

at Revolution and that the owner of the store is Claimant, who was also her former

boyfriend.  She reported that the two got into an argument and when she tried to leave,

Claimant grabbed her by the face and threw her down on the floor.  Before she was

able to get up, Claimant grabbed her face three times.  Meanwhile, Officer DeLuca

and Sergeants Graham and Shaker interviewed Claimant, who admitted to Sergeant

Graham that he put his hand on his ex-girlfriend's face and pushed her down.  Based

on these statements and her injuries, officers placed Claimant under arrest.

During a search of Claimant, Officer DeLuca found a plastic baggie containing

1.6 grams of marijuana in Claimant's front pocket.  Claimant also had a black bag,

which he told the officers contained approximately $300,000 to $400,000 in cash.

Claimant explained that the money was from his store safe and was savings from the

last seven years he had been in business.  The officers transported Claimant to the

Aurora Detention Center, where a background check revealed a "lengthy arrest record."

The black bag containing the money was taken to the Aurora Police Department,

counted, and then turned over to the Drug Enforcement Administration (DEA), where

a drug detection dog positively alerted to it, indicating the presence of a controlled

substance.  DEA Task Force Officer Wittenborn spoke with two officers who worked at

the Mall.  They reported that on two or three occasions, they smelled "the odor of raw

marijuana" while in the back hallway behind Revolution.

Following an investigation, including another interview with Claimant and his

ex-girlfriend, the government instituted the instant case for civil forfeiture of the money

found in the black bag, ultimately determined to be $393,500.00 in currency ("Defendant

Currency"[2]).  In a Verified Complaint filed on April 11, 2013, the government alleges that

Defendant Currency is money furnished or intended to be furnished by any person in

exchange for a controlled substance, proceeds traceable to an exchange of controlled

substances, and money used or intended to be used to facilitate a violation of 21 U.S.C.

§ 801.

On December 21, 2013, Claimant filed the instant Motion to Dismiss for Failure to

Prosecute.  (Doc. # 21.)  The government responded to the motion (Doc. # 23), which is

ripe for the Court's review.

## II.  DISCUSSION

Claimant asks the Court to dismiss this case for failure to prosecute, pursuant to

Fed. R. Civ. P. 41(b), which states, "If the plaintiff fails to prosecute or to comply with

these rules or a court order, a defendant may move to dismiss the action or any claim

against it."  Fed. R. Civ. P. 41 (noting that unless otherwise specified, a dismissal under

this rule is an adjudication on the merits).[3]  While Claimant does not specify whether he

seeks dismissal with or without prejudice, the Court infers that he asks for the former

based on his request that the Court dismiss the action and order the "immediate return

of the seized funds to mitigate any further harm."  (Doc. # 21 at 3.)

---

[2] An *in rem* forfeiture proceeding is brought under the "legal fiction" that property itself is criminally at fault.  *United States v. One Hundred Forty–Nine Thousand Four Hundred Forty– Two & 43/100 Dollars ($149,442.43) in U.S. Currency,* 965 F.2d 868, 876 (10th Cir. 1992).

[3] The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") are part of the Federal Rules of Civil Procedure and govern procedures in civil forfeiture actions.  *United States v. 51 Pieces of Real Property, Roswell, New Mexico,* 17 F.3d 1306, 1308 n. 2 (10th Cir. 1994).  The Federal Rules of Civil Procedure also apply to such actions to the extent they are not inconsistent with the Supplemental Rules.  Supplemental Rule A(2).

Dismissal of an action with prejudice is a drastic sanction that should be employed only as a last resort.  *Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009).  In determining whether to dismissal is warranted, this Court considers:

> (1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.

*Id.* (citing *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992)).  Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits that dismissal is an appropriate sanction."  *Id.* (internal citations, quotation marks, and alterations omitted).  Likewise, dismissal is appropriate only in cases of willful misconduct.  *Ehrenhaus*, 965 F.2d at 920 (citations omitted).

Claimant does not allege that the government failed to abide by a particular order of this Court.  Moreover, Claimant does not specifically address the factors which this Court must analyze to determine whether dismissal is appropriate.  Instead, Claimant argues that the government has not served interrogatories, requests for production of documents or admissions, sought to depose any party, sought a case management order, or set any future dates.

The Court disagrees that the government has delayed these proceedings through willful misconduct.  Email correspondence between counsel shows that the government did not proceed with discovery in this case because Claimant's attorney asked that it wait until the underlying state criminal case was concluded.   (Doc. ## 23-8, 23-9.)  Moreover, the government timely filed its complaint and previously

gave notice of forfeiture to Claimant.  (Doc. ## 23-2, 23-3, 23-4, 23-5, 23-6.)[4]  Although

the government concedes that Claimant has experienced some prejudice because he

has been without the funds since its seizure, the Court notes that this prejudice exists

in any civil forfeiture case and is not caused by the government's alleged dilatory acts.

In short, the Court disagrees that the drastic sanction of dismissal is warranted here.

### III. CONCLUSION

Based on the foregoing, it is ORDERED that Claimant Seung Yu's Motion to

Dismiss for Failure to Prosecute (Doc. # 21) is DENIED.

DATED:  August   14  , 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[4] Plaintiff did not file a reply or otherwise contest the validity of the government's exhibits.