**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-00933-CMA-BNB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$393,550.00 IN UNITED STATES CURRENCY,

    Defendant.

___

**ORDER DENYING MOTION TO SUPPRESS**

___

This matter is before the Court on Claimant Seung Yu's Motion to Suppress. (Doc. # 20.)  For the reasons set forth below, the motion is denied.

### I.   **BACKGROUND**[1]

On December 19, 2012, Aurora Police Department officers responded to a domestic violence complaint at the Aurora Town Center Mall.  The complainant indicated there had been a fight between a man and woman in the Revolution clothing store ("Revolution"), and that the two were now in the mall's parking lot with mall security officers.

Officer Aragon observed several red marks and scratches on the woman's face, but she declined medical attention.  She told that Officer Aragon she worked at Revolution and that the owner of the store is Claimant, who was also her former

___

[1] Unless otherwise noted, the following facts are taken from the Verified Complaint. (Doc. # 1.)

boyfriend. She reported that the two got into an argument and when she tried to leave, Claimant grabbed her by the face and threw her down on the floor. Before she was able to get up, Claimant grabbed her face three times. Meanwhile, Officer DeLuca and Sergeants Graham and Shaker interviewed Claimant, who admitted to Sergeant Graham that he put his hand on his ex-girlfriend's face and pushed her down. Based on these statements and her injuries, the officers placed Claimant under arrest.

During a search of Claimant, Officer DeLuca found a plastic baggie containing 1.6 grams of marijuana in Claimant's front pocket. Claimant also had a black bag, which he told the officers contained approximately $300,000 to $400,000 in cash. Claimant explained that the money was from his store safe and was savings from the last seven years he had been in business. The officers transported Claimant to the Aurora Detention Center, and he was charged with assault, battery, and harassment in Aurora Municipal Court.

The black bag containing the money was taken to the Aurora Police Department, counted, and then turned over to the Drug Enforcement Administration (DEA), where a drug detection dog positively alerted to it, indicating the presence of a controlled substance. DEA Task Force Officer Wittenborn spoke with two officers who worked at the Mall. They reported that on two or three occasions, they smelled "the odor of raw marijuana" while in the hallway behind Revolution.

Following an investigation, including another interview with Claimant and his ex-girlfriend, the government instituted the instant case for civil forfeiture of the money found in the black bag, ultimately determined to be $393,550.00 in currency ("Defendant

Currency"[2]). In a Verified Complaint, the government alleges that Defendant Currency is money furnished or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to an exchange of controlled substances, and money used or intended to be used to facilitate a violation of 21 U.S.C. § 801.

On March 26, 2013, in Aurora Municipal Court, Claimant moved to suppress statements and evidence obtained during his initial contact with police. The court held a hearing on the matter, at which the city attorney and defense counsel presented and examined witnesses and presented argument. The court issued an oral ruling from the bench, denying the motion. (Doc. # 32-1.) On July 23, 2013, Claimant pleaded guilty to an amended charge: threats. (Doc. # 22-3.)

On December 18, 2013, Claimant filed the instant motion, asking this Court to suppress statements and evidence obtained during his contact with police on December 19, 2012. Claimant argues that mall security officers were agents of the government, Claimant's stop and detention was not supported by reasonable suspicion or probable cause, he did not consent to the search of his bag, the warrantless search of his bag was unreasonable and unsupported by a recognized exception to the warrant requirement, evidence obtained via his detention and search are fruits of the poisonous tree, and all of his statements should be suppressed. (Doc. # 20.) The government responded to the motion, arguing that because Claimant previously moved to suppress

---

[2] An *in rem* forfeiture proceeding is brought under the "legal fiction" that property itself is criminally at fault. *United States v. One Hundred Forty–Nine Thousand Four Hundred Forty– Two & 43/100 Dollars ($149,442.43) in U.S. Currency,* 965 F.2d 868, 876 (10th Cir. 1992).

this evidence in municipal court, and that motion was denied, he is collaterally estopped from relitigating the issue before this Court.  (Doc. # 22.)

## II. **DISCUSSION**

The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") are part of the Federal Rules of Civil Procedure and govern procedures in civil forfeiture actions.  *United States v. 51 Pieces of Real Property, Roswell, New Mexico,* 17 F.3d 1306, 1308 n. 2 (10th Cir. 1994).  Pursuant to Supplemental Rule G(8)(a), "a party with standing to contest the lawfulness of the seizure may move to suppress use of the property as evidence."  Forfeiture proceedings are quasi-criminal in nature and therefore the exclusionary rule applies.  *One 1958 Plymouth Sedan v. Com. of Pa.,* 380 U.S. 693, 702 (1965).

As a threshold matter, the Court must determine whether Claimant is collaterally estopped from relitigating the suppression issues in this proceeding, having already asserted that the municipal court should suppress statements and evidence gathered at the time of his arrest.  The Tenth Circuit has recognized that in a civil forfeiture action, the doctrine of collateral estoppel prevents a claimant from raising constitutional issues that have been litigated in state court.  *See United States v. One Parcel of Real Prop. Known as 16614 Cayuga Rd.*, 69 F. App'x 915, 918 (10th Cir. 2003) (order and judgment) (district court properly denied claimant's motion to suppress where he previously raised Fourth Amendment claims in state criminal prosecution).  Although the government argued that Claimant is collaterally estopped from relitigating these issues, Claimant did not file a reply brief or otherwise assert his position on this issue.

The preclusive effect of a state court judgment is governed by state law. *United States v. U.S. Currency in the Amount of $228,536.00*, 895 F.2d 908, 917-18 (2d Cir. 1990) (citing 28 U.S.C. § 1738 (1982); *Marrese v. American Academy of Orthopedic Surgeons,* 470 U.S. 373, 380–81 (1985); *Cullen v. Margiotta,* 811 F.2d 698, 732 (2d Cir.), *cert. denied,* 483 U.S. 1021 (1987)). Under Colorado law, the doctrine of issue preclusion, also known as collateral estoppel, bars relitigation of an issue when:

> (1) The issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding, (2) The party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding, (3) There was a final judgment on the merits in the prior proceeding, and (4) The party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.

*In re Water Rights of Elk Dance Colorado, LLC*, 139 P.3d 660, 667 (Colo. 2006) (citing *Sunny Acres Villa, Inc. v. Cooper,* 25 P.3d 44, 47 (Colo. 2001) (internal citation omitted)).[3]

In municipal court, Claimant moved to suppress "[a]ny and all statements or confessions attributed to [him]; [a]ny and all items seized from [him] at the time of his detention and arrest; and [a]ny information or mental observations gained as a result of his detention and arrest." (Doc. # 22-2 at 1.) In so doing, Claimant argued that the search and seizure of his person and property were made without a valid search warrant and without probable cause. Specifically, Claimant argued that the officers

---

[3] Similarly, under federal law, issue preclusion requires that "(1) the issue previously decided is identical with the one presented with the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is involved was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." *Dodge v. Cotter Corp.,* 203 F.3d 1190, 1198 (10th Cir. 2000).

"lacked probable cause to seize [his] closed bag"; that even if officers had "probable cause to seize the bag, they lacked any exigent circumstances which would relieve them of the requirement to obtain a warrant before opening the bag and searching within it"; and that officers did not have "probable cause to believe [the bag] contained contraband or evidence of a crime." (Doc. # 22-2 at 2.)  Claimant also moved to suppress his statements because he gave no voluntary waiver of his Fifth and Sixth Amendment rights, and that even if there was no Fifth or Sixth Amendment violation, his statements should be excluded as fruit of the poisonous tree due to the Fourth Amendment violations.  (Doc. # 22-2 at 1-4.)  Likewise, in this proceeding, Claimant advances similar arguments pursuant to the same constitutional standards.

The only two issues raised in this proceeding that were not specifically briefed by Claimant in municipal court are whether the security guards were instruments of the state for the purpose of the Fourth Amendment and whether Claimant consented to the search of his bag.  However, the record makes clear that Claimant's attorney argued during the suppression hearing that the security guards were acting as agents of the police officers and the municipal court rejected that argument.  (Doc. # 32-1 at 33-35.)  To the extent Claimant did not specifically brief whether he consented to the search of his bag, he had the opportunity to challenge the search on that basis, but did not.[4]  *See United States v. Mustek Paragon 600 Pro Flat-Bed Scanner S#B14009467*, 162 F.3d 1175 (10th Cir. 1998) (order and judgment) (claimant collaterally estopped where he

---

[4] Even if Claimant was not collaterally estopped from raising this argument, the Court would likely find that the search of the bag was reasonable as a search incident to lawful arrest or under the inevitable discovery doctrine.

6

failed to challenge the validity of search warrant in underlying criminal case) (citing *United States v. Real Property Known & Numbered as 415 East Mitchell Ave.,* 149 F.3d 472, 475-76 (6th Cir.1998) (in forfeiture action appellant who pleads guilty is collaterally estopped from asserting unlawfulness of search warrant)).  Therefore, the Court finds that the first prong is met.

The Court has no trouble concluding that the remaining prongs are also met.  Claimant was the defendant in the underlying municipal action and, therefore, was a party in that proceeding.  There was a final judgment on the merits—Claimant pleaded guilty and was sentenced by the municipal court.  Claimant had a full and fair opportunity to litigate the issues—he filed a motion to suppress, the municipal court held a hearing on the motion, at which, Claimant's counsel presented witnesses and argument to the court, and the court rendered a decision.  Under these circumstances, Claimant is collaterally estopped from relitigating the admissibility of his statements and the evidence seized during his interaction with police on December 19, 2012.

### III. CONCLUSION

Accordingly, it is ORDERED that Claimant Seung Yu's Motion to Suppress (Doc. # 20) is DENIED.  Although the parties have called chambers to set a hearing, no order has issued, and the Court deems a hearing on this matter unnecessary.

DATED: August   22  , 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge